510

Francisco G. Taboada Bosch, Plaintiff and Appellee, *v.*
María Dragoni, Defendant and Appellant.

No. 7440. Argued February 4, 1938.—Decided July 13, 1938.

R. *Hernández Matos* for appellant. *José I. Fernández Segarra* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

By a public deed dated April 21, 1932, Francisco G. Taboada sold two farms in the ward of Maragüez, Ponce, to María Dragoni for $14,000, of which the vendor received $4,000 by certified check, $143 in cash, and $5,250 as the value of a farm which the purchaser conveyed to him. The defendant reserved the balance to pay $2,949.74 to the Federal Land Bank, $1,000 to the Hurricane Relief Commission, and $657.32 to the Treasurer of Puerto Rico for taxes on the two farms for the years 1928 to 1932.

On April 28, 1932, there was approved Act No. 35 of the Legislative Assembly of Puerto Rico, entitled "An act to cancel the taxes owed by the coffee plantations for the fiscal year 1928–29; to remit in part those of the fiscal years 1929–30 and 1930–31; to postpone the collection of these taxes; to fix a tax rate for said coffee plantations; to appropriate funds to recompense the municipalities for the remissions made, and for other purposes."

Alleging a verbal agreement by which the purchaser was obligated to return to the vendor the amount of such taxes levied on the coffee farms as might be remitted by the People of Puerto Rico, Taboada brought, in the Municipal Court of Juana Díaz, an action against María Dragoni to recover

$394.18, the amount remitted by Act No. 35, 1932, *supra,* with interest thereon at the legal rate from June, 1932, costs, and expenses. The Municipal Court of Juana Díaz dismissed this complaint and Taboada appealed to the District Court of Ponce. He then requested and obtained leave to amend his complaint. · He alleged therein:

"5. . . . . taking advantage of the presence of the defendant herein, María Dragoni, he commissioned her to appear at the Internal Revenue office of this city and to pay there the $657.32 which the said plaintiff owed for the above-mentioned taxes. That said plaintiff turned over to the defendant the said $657.32 in cash for that purpose and the defendant, after accepting the commission and taking material possession of the money, executed and signed in her own handwriting a receipt which literally copied reads as follows:

" 'I have received from Francisco G. Taboada y Bosch the sum of $657.32 with which to pay the taxes owed to the Insular Treasury on the two farms in the ward of Maragüez of this municipality, which I have bought on this date from the said Mr. Taboada y Bosch; the said taxes corresponding to the fiscal years 1928–29, 1929–30, 1930–31, and 1931–32, and the payment of these delinquent taxes is therefore for my account, and Mr. Taboada Bosch will not have to make any further disbursement in this connection.—Ponce, April 21, 1932.—(Signed) María Dragoni.' "

The defendant answered and denied that she had received from the plaintiff any sum or commission to pay the taxes. She also denied that she accepted the commission, and alleged that she bought the farms, assuming the payment of the liens in favor of the Federal Land Bank, the Hurricane Relief Commission, and the Insular Treasury, which amount she deducted from the price of the sale, delivering the balance to the vendor, but without receiving any sum of money from him. She admitted that she had executed and signed the document copied in the amended complaint, *supra,* and in the original complaint filed in the Municipal Court of Juana Díaz, but explained that at no time did she receive the sum of $657.32 specified in the said receipt for the purposes therein stated or for any other purpose.

At the trial the plaintiff introduced oral and documentary evidence. The defendant submitted the case without offering any evidence. The court rendered judgment for the plaintiff and ordered the defendant to pay to the plaintiff the sum of $322.58, and interest thereon at the legal rate from the time of the filing of the complaint, without costs. The defendant appealed from that judgment and in her brief she has assigned the following three errors:

1. In admitting the amended complaint.

2. In rendering judgment for the plaintiff without evidence to establish the essential allegations of the amended complaint.

3. In holding that the part of the taxes remitted belonged to the plaintiff.

It is not necessary to pass on the first two assignments, since the third requires a reversal of the judgment.

From the opinion of the lower court we copy the following statements with which we agree:

"The court . . . . is of the opinion that the plaintiff has not proved that when the defendant executed the receipt copied in the complaint he actually delivered to her the sum of $657.32 for the payment of the taxes due on the farms which he sold to the defendant, nor has it been shown, therefore, that there was any agency as a result of which defendant was required to act or to render an accounting to the plaintiff."

Nor did the plaintiff prove, because he could not do so within the allegations of his amended complaint, that the defendant made an agreement with him to return to him the amount of the taxes owed which were remitted by the Legislative Assembly of Puerto Rico by Act No. 35, approved on April 28, 1932 (Session Laws, 1931–32, p. 274). In the absence, then, of such proof, the plaintiff's claim has no legal basis.

As is customary in transactions like that here involved, the purchaser deducted from the purchase price the amount of the liens affecting the properties. Among others, they

were subject to a lien for taxes amounting to $657.32 in favor of the People of Puerto Rico. Since this was the amount owed, the plaintiff was satisfied with its total deduction from the $14,000 at which he valued his farms. What right does he now have to invoke the benefits of an act which was not in force, and had not even been approved, on the date of the contract? He did not condition the deduction of the said $657.32 on the happening of any future event, such as then was the approval or nonapproval of Act No. 35 of April 1932. The benefits of that act should accrue to the person who was the owner of the property on the date of the approval of the statute.

Neither the receipt executed by the defendant, nor anything shown by the evidence presented, prevented the defendant from paying to the Insular Treasury the $657.32, that is, the entire amount of the taxes due, on the very day of the sale. Assuming for a moment that she had done so, would that have given the plaintiff a right or cause of action against the defendant to recover the amount of the taxes which she would not have had to pay had she waited? In our opinion, it would not, and the result does not vary because of the fact that Act No. 35 became effective before she had paid.

The judgment must be reversed and another rendered instead in favor of the defendant, without costs.

Mr. Justice De Jesús took no part in the decision of this case.